### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT J. DAVIS, ID # 15022999,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-3952-D (BH)** |
| | ) | |
| **LUPE VALDEZ, SHERIFF,** | ) | **Referred to U.S. Magistrate Judge** |
| **DALLAS COUNTY, TEXAS,** | ) | |
| **Respondent.** | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, any claims regarding the conditions of confinement should be **DISMISSED** without prejudice, and the two motions for emergency injunction (docs. 4, 6) should be **DENIED**.

## I.  BACKGROUND

Albert J. Davis (Petitioner), an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Lupe Valdez, Sheriff, Dallas County, Texas.

Petitioner challenges four convictions in Criminal District Court Number 1 of Dallas County, Texas, in cause numbers F-1458085 (tampering with physical evidence), F-1458086 (possession of a controlled substance), F-1523791 (tampering with physical evidence), and F-1523792 (manufacture and delivery of a controlled substance), all entered on November 12, 2015.  (*See* doc. 7 at 2.)  He received sentences of seven years on each conviction except the possession of a controlled substance charge, for which he received a one-year sentence. (*Id.*); *see* https://www.dallascounty.org/criminalBackgroundSearch/defendant detail.do?In=01, 03, 06, and

07. Petitioner did not file a direct appeal from any of these convictions, and he has not filed a state application for writ of habeas corpus. (doc. 7, at 3-4.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. He acknowledges that he did not file a direct appeal and has not sought habeas corpus relief in state court. (doc. 7, at 3-4.) The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court

2

at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").  Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

## III. CIVIL CLAIMS

In addition to raising claims challenging his convictions under 28 U.S.C. § 2254, Petitioner has claims that he is being denied access to the courts, and that the Dallas County Sheriff's Department is violating his constitutional rights on multiple grounds. (doc. 7 at 6-7, 11-14.) Courts may only consider federal habeas petitions brought under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws.  *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973).  Because the petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a civil rights case.[1]

## IV. EMERGENCY INJUNCTION

Petitioner also seeks an emergency injunction:

I'm asking for an "emergency injunction" to keep me here in Dallas County Jail, and block any and all, transfers to prison, state jail or any other correctional facility until this "Writ of Habeas Corpus" has been determined, these cases dismissed <u>and</u>  I'm released, <u>or</u> this matter is resolved.

(doc. 3 at 5; *see also* doc. 6 at 1-2.)

In order to secure a preliminary injunction, the movant must show four elements:

(1) a substantial likelihood of success on the merits; (2) a substantial threat that the

---

[1] Petitioner raised these same allegations in *Davis v. Valdez et al.,* 3:15-CV-3396-K (N.D. Tex.), which remains pending. His subsequent case that also sought relief for the same type of alleged violations of his civil rights was dismissed as duplicative.  *See Davis v. Valdez,* 3:15-CV-3510-L (N.D. Tex.).

movant will suffer irreparable injury if the injunction is not issued; (3) that threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that granting the injunction will not disserve the public interest.

*See Karaha Bodas Co., LLC v. Perusahaan*, *et al.*, 335 F. 3d 357, 363 (5th Cir. 2003); *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). Petitioner has not recited these elements or attempted to prove that he can meet any of them. He has not shown that a failure to allow him to be transferred to another institution will have any bearing whatsoever on the resolution of this action or any other pending case.  Furthermore, it is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *see also Meachum v. Fano,* 427 U.S. 215 (1976); *Montanye v. Haymes,* 427 U.S. 236 (1976); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Maddox v. Thomas,* 671 F.2d 949, 950 (5th Cir. 1982). Petitioner's motions for an emergency injunction should be denied.

## V.  RECOMMENDATION

The habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED** without prejudice for failure to exhaust state court remedies, all non-habeas claims regarding Petitioner's conditions of his confinement should be **DISMISSED** without prejudice to filing in a civil rights case, and the motions for emergency injunction (docs. 4 and 6) should be **DENIED**.

**SIGNED this 4th day of January, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE